UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT JOE McLAUGHLIN, | ) Civil Action No.: 4:09-cv-0711-RBH-TER |
| Plaintiff, | ) |
| -vs- | ) **REPORT AND RECOMMENDATION** |
| AL SHUMAN, MARY SLABINSKI, JOHN BLOOM, GRAGE SACILIA, a/k/a Gregg Sacilia, JAMMIE McDERMIT, and THE BIG "M" CASINO, f/k/a Southern Elegance Casino Cruises, f/k/a or d/b/a Diamond Cruises, | ) |
| Defendants. | ) |

Plaintiff, who is proceeding pro se, appears to assert claims of age discrimination in violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiff filed a Motion (Document # 4) and was granted leave to proceed In Forma Pauperis. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC.

On April 21, 2009, an Order (Document # 15) was filed authorizing service of process and Summones (as prepared by Plaintiff) were issued for each Defendant. The Summonses for Grage Sacilia, Al Shuman and Jammie McDermit were returned unexecuted by the United States Marshal's Service on July 28, 2009. See Documents # 36-38. Plaintiff listed the same address for each of these Defendants and instructed that each Defendant was an employee on the Big "M" Casino boat. Each Summons was sent by certified mail but was refused and returned. In the remarks section of each Summons, the Marshal indicated that "HR manager Robin Hollar advised that Defendant was never employed at location/business."

On March 17, 2010, Plaintiff filed a Stipulation of Dismissal (Document # 40) as to Defendants Shuman, Slabinski, and the Big "M" Casino. Thus, the only Defendants remaining in this case are Sacilia, McDermit, and Bloom. Bloom was served and filed a pro se Answer (Document # 24) on June 5, 2009.

Rule 4(m), Fed.R.Civ.P., provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days has passed since this Court authorized service of the Complaint and it appears Defendants Sacilia and McDermit have not been served. Thus, it is recommended that Defendants Sacilia and McDermit be dismissed from this action without prejudice. If the district judge determines that Plaintiff establishes good cause for the failure to properly serve these Defendants, it is recommended that Plaintiff be given twenty days to complete and return to the court new Summonses and USM-285 forms with proper addresses for Sacilia and McDermit.[1]

**IT IS SO ORDERED.**

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 30, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**

---

[1] It should be noted that Plaintiff appears to allege violations of the ADEA against these individual Defendants. The ADEA limits civil liability to the employer and precludes individual liability. Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir.1994).